**THE HARBOR LAW GROUP**
Kira M. Rubel, Esq.
8811 N. Harborview Drive, Ste. B
Gig Harbor, WA 98332-2129
Tel: (253) 358-2215
kira@theharborlawgroup.com

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
(*pro hac vice*)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Tel: (954) 400-4713
MHiraldo@Hiraldolaw.com
*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

COURTNEY GOLZ, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

MEDICAL MANAGEMENT INTERNATIONAL, INC.

*Defendant*.

Case No. 3:25-cv-06090-SKV

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR DAMAGES**[1]

**JURY TRIAL DEMANDED**

HONORABLE S. KATE VAUGHAN

[1] Amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). A redline document reflecting Plaintiff's amendments is attached as **Exhibit A**.

Plaintiff Courtney Golz brings this class action against Defendant Medical Management International, Inc. ("Defendant"), and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. To sell its Optimum Wellness plans, Defendant engages in unsolicited prerecorded calls to consumers without their consent.

3. Through this action, Plaintiff seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities from this District, because Defendant's unauthorized marketing scheme was directed by Defendant to consumers from this District, and because Defendant is headquartered in this District.

**PARTIES**

6. Plaintiff is a natural person and a called party protected under the TCPA.

7. Defendant is a corporation whose principal office is Vancouver, Washington.

**FACTS**

8. Defendant, doing business as "Banfield Pet Hospital", operates a national chain of veterinary and pet hospitals.

9. One of the services Defendant sells is its Optimum Wellness plans which, for a monthly fee, provides pet owners with preventive care services like vaccines, physical exams, and more.

10. Defendant sells its Optimum Wellness plans by placing robocalls to consumers' telephones.

11. Plaintiff was the recipient of one such robocall from Defendant.

12. Specifically, on October 16, 2025, Defendant made a prerecorded voice call to Plaintiff's cellular telephone number ending in 9889 ("9889 Number").

13. The call originated from telephone number 888-445-7387, which is owned and/or operated by Defendant.

14. The prerecorded voice message left on Plaintiff's cellular telephone stated as follows:

> Hello, this is Banfield Pet Hospital calling from our home office in Vancouver, Washington. We are calling regarding your recent online inquiry about your Optimum Wellness plans. Please give us a call to discuss how a customized preventative care plan can help your pet live a happier and healthier life. Our number is 1-866-450-6595. Again, that's Banfield Pet Hospital at 1-866-450-6595.

15. The prerecorded voice call received by Plaintiff did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism to make a do-not-call request, and did not otherwise provide instructions on how to make future calls stop.

16. The purpose of the call and recording left on Plaintiff's cellular telephone by Defendant was to sell Plaintiff an Optimum Wellness plan.

17. Contrary to the claim made in the message, Plaintiff did not make an online inquiry about a wellness plan. Moreover, Plaintiff did not ask Defendant to call and did not provide Defendant with consent to place a prerecorded call to Plaintiff's 9889 Number.

18. Had Plaintiff returned the call at the number provided in the message one of Defendant's employees would have attempted to sell Plaintiff an Optimum Wellness plans for which Defendant charges between $26.95 and $100 per month.

19. When Plaintiff listened to the recording left on her cellular phone, she was easily able to determine that the message was prerecorded because: (1) it consisted of a robotic sounding and monotone voice; (2) it was a generic message not tailored to Plaintiff; and (3) it sounded as if a robotic voice was reading from a script.

20. A copy of the audio for Defendant's robocall was provided to Defendant's counsel on January 30, 2026.

21. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted on her cellular telephone for marketing purposes utilizing prerecorded messages.

22. At no point in time did Plaintiff provide Defendant with her express consent to be contacted on her cellular telephone for marketing purposes utilizing prerecorded messages.

23. Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals from this judicial district.

24. The prerecorded calls at issue were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

25. Defendant's unsolicited prerecorded calls caused Plaintiff and the Class Members harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and the Class Members, and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

26. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

27. Plaintiff brings this case on behalf of the Classes defined as follows:

> **Prerecorded Message Class: All persons within the United States who, within the four years prior to the filing of this action through the date of class certification, (1) received a call from Defendant using an artificial or prerecorded voice, (2) on their cellular telephone, (3) requesting a return call to discuss Defendant's Optimum Wellness Plans.**
>
> **No Opt-Out Mechanism Class: All persons within the United States who, within the four years prior to the filing of this action, (1) received a call from Defendant using an artificial or prerecorded voice, (2) on their cellular telephone, (3) requesting a return call to discuss Defendant's Optimum Wellness Plans, (4) which did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.**

28. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

29. Defendant and its employees or agents are excluded from the Classes.

<u>**NUMEROSITY**</u>

30. Upon information and belief, Defendant placed prerecorded voice calls to cellular telephone numbers belonging to at least 50 persons without their prior express consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

31. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

<u>**COMMON QUESTIONS OF LAW AND FACT**</u>

32. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

A. Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

B. Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

C. Whether Defendant's conduct was knowing and willful;

D. Whether Defendant is liable for damages, and the amount of such damages; and

E. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>TYPICALITY</u>**

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>**

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**<u>PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE</u>**

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
(On Behalf of Plaintiff and Prerecorded Message Class)

38. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and Class members.

41. Defendant did not have prior express written consent to call the cellular telephones of Plaintiff and the other members of the putative Class when its calls were made.

42. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the Class when its calls were made.

43. Defendant has, therefore, violated § 227(b) by using an artificial or prerecorded voice to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their prior express consent.

44. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**COUNT II**

**<u>VIOLATIONS OF 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)</u>**

(On Behalf of Plaintiff and the No Opt-Out Mechanism Class)

45. Plaintiff re-alleges and incorporates paragraphs 1-37 as if fully set forth herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(b)(3), provides in pertinent part:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section.

47. Defendant violated 47 C.F.R. § 64.1200(b)(3) by delivering artificial or prerecorded voice messages in connection with telemarketing calls to Plaintiff's and the Class Members' telephone number that did not provide an automated, interactive voice and/or key press-activated opt-out mechanism for the called person to make a do not-call request.

48. Plaintiff and the No Opt-Out Class members were harmed by Defendant's refusal to provide an opt-out mechanism in that they were unable to stop Defendant's prerecorded solicitations.

49. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

a) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

b) An order declaring that Defendant's actions, as set out above, violate the TCPA;

c) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury.

DATED: January 30, 2026

Respectfully Submitted,

Kira M. Rubel, WSBA #51691
**THE HARBOR LAW GROUP**
8811 N. Harborview Drive, Ste.B
Gig Harbor, WA 98332-2174
Telephone: (253) 358-2215
kira@theharborlawgroup.com

**HIRALDO P.A.**

*/s Manuel S. Hiraldo*
Manuel Hiraldo, Esq.
(*pro hac vice*)
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 400-4713
MHiraldo@Hiraldolaw.com
*Counsel for Plaintiff and Proposed Class*